UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ALEXANDER TORRES,

|  |  |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| -against- | Jury Trial Demanded |
| Detective CARLOS VELEZ, Shield No. 5575; Detective ALBERTO ANGILLETTA, Shield No. 7001; Lieutenant ALAN GASPARD; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown), | 13 CV 5793 (RRM) (SMG) |
| Defendants. | |

------------------------------------------------------------------- x

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Alexander Torres ("plaintiff" or "Mr. Torres") is a resident of

Kings County in the City and State of New York.

7.      Defendant Detective Carlos Velez, Shield No. 5575 ("Velez"), at all

times relevant herein, was an officer, employee and agent of the NYPD.  Defendant

Velez is sued in his individual and official capacities.

8.      Defendant Detective Alberto Angilletta, Shield No. 7001 ("Angilletta"),

at all times relevant herein, was an officer, employee and agent of the NYPD.

Defendant Angilletta is sued in his individual and official capacities.

9.      Defendant Lieutenant Alan Gaspard, ("Gaspard"), at all times relevant

herein, was an officer, employee and agent of the NYPD.  Defendant Gaspard is sued

in his individual and official capacities.

10.     At all times relevant defendants John and Jane Doe 1 through 10 were

police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through

10.

11.     At all times relevant herein, defendants John and Jane Doe 1 through 10

were acting as agents, servants and employees of the City of New York and the

NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13.    At approximately 9:30 a.m. on August 18, 2012, plaintiff was lawfully walking in the area of Garnett Street and Smith Street in Brooklyn, New York.

14.    Defendants ran toward Mr. Torres and without probable cause or reasonable suspicion to believe he had committed any crime or offense, handcuffed him and falsely arrested him.

15.    Mr. Torres was put in a police van and taken to a police precinct.

16.    At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed Mr. Torres, *inter alia*, in criminal possession of a controlled substance.

17.    At no point did the officers observe Mr. Torres commit any crime or offense.

18.    Mr. Torres was eventually taken to Brooklyn Central Booking where he was released on his own recognizance after approximately 25 hours in custody.

19.    Mr. Torres was compelled to return to criminal court thereafter where all charges were dismissed.

20.     Mr. Torres suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

21.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

22.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

23.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

24.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

26.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

27.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

29.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

30.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     The individual defendants created false evidence against plaintiff.

33.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

34.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

35.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### Failure To Intervene

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

38.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

39.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:        April 17, 2014
              New York, New York

                                        HARVIS WRIGHT & FETT LLP

                                        _____
                                        Baree N. Fett
                                        305 Broadway, 14th Floor
                                        New York, New York 10007
                                        (212) 323-6880
                                        bfett@hwandf.com

                                        *Attorneys for plaintiff*